# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CRIMINAL ACTION** |
| v. | ) | |
| | ) | **No. 06-20180-01-KHV** |
| MARVIN LEE ELLIS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on defendant's letter (Doc. #36) filed June 30, 2008, which the Court construes as a motion to amend sentence. For reasons set forth below, defendant's motion is overruled.

On October 9, 2007, the Court sentenced defendant to 63 months in prison. Defendant asks the court for a time-served sentence or a reduction to the low end of the advisory guideline range of 51 to 63 months. A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. <u>United States v. Blackwell</u>, 81 F.3d 945, 947 (10th Cir. 1996); <u>see</u> 18 U.S.C. § 3582(c). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in certain extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing

Commission." 18 U.S.C. § 3582(c)(1)-(2); <u>see</u> <u>Blackwell</u>, 81 F.3d at 947-48. None of these exceptions apply here.[1]

Defendant also argues that his projected release date does not include credit for several months of jail time which he already served. The Tenth Circuit recently explained the procedure for such challenges as follows:

> 18 U.S.C. § 3585(b) provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." The BOP has long been responsible for computing sentencing credit under § 3585(b) and its predecessor, 18 U.S.C. § 3568 (repealed 1987), and that calculation occurs when the BOP imprisons a defendant. <u>See</u> <u>United States v. Wilson</u>, 503 U.S. 329, 334-35, 112 S. Ct. 1351, 117 L.Ed.2d 593 (1992). Under <u>Wilson</u>, "only the Attorney General through the Bureau of Prisons has the power to grant sentence credit in the first instance." <u>United States v. Jenkins</u>, 38 F.3d 1143, 1144 (10th Cir. 1994). Until the Attorney General, through the BOP, makes a § 3585(b) determination, the matter is not ripe for district court review, and the district court lacks jurisdiction. <u>See</u> <u>id.</u>; <u>United States v. Westmoreland</u>, 974 F.2d 736, 737-38 (6th Cir. 1992).

<u>Reed v. United States</u>, 262 Fed. Appx. 114, 114 (10th Cir. Jan. 29, 2008). Here, defendant does not allege that the BOP has made a sentencing-credit determination. Defendant must first permit the BOP to compute any sentencing credit. If he is dissatisfied with the result, he may seek judicial review after exhausting administrative remedies.[2] <u>See</u> <u>id.</u>

---

[1]     Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time. <u>See</u> <u>Blackwell</u>, 81 F.3d at 947-49; Fed. R. Crim. P. 35 (authorizes resentencing (a) to correct illegal sentence on remand from a court of appeals; (b) to reflect defendant's substantial assistance on motion of the government; and (c) to correct arithmetical, technical, or other clear error within seven days of sentencing); Fed. R. Crim. P. 36 (authorizes court to correct clerical-type errors). The Court also does not have inherent authority to resentence defendant. <u>See</u> <u>Blackwell</u>, 81 F.3d at 949.

[2]     The Court notes that such challenges ordinarily are brought under 28 U.S.C. § 2241 and filed in the district in which the prisoner is incarcerated.

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #36) filed June 30, 2008, which the Court construes as a motion to amend sentence, be and hereby is **OVERRULED**.

Dated this 10th day of July, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge